**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br>Lead Case No. 05 C 7097 |
| THIS DOCUMENT RELATES TO:<br>*Arndt v. Ameriquest Mortgage Co., et al.*<br>(Indiv. Case No. 06 C 2479);<br>*Myers v. Ameriquest Mortgage Co., et al.*<br>(Indiv. Case No. 07 C 3584); and<br>*Solnin v. Ameriquest Mortgage Co., et al.*<br>(Indiv. Case No. 06 C 4866) | Centralized before the<br>Hon. Marvin E. Aspen |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

    Plaintiffs in each of these three opt-out cases—*Arndt v. Ameriquest Mortgage Co., et al.*, *Myers v. Ameriquest Mortgage Co., et al.*, and *Solnin v. Ameriquest Mortgage Co., et al.*—have failed to actively prosecute their lawsuits against Defendants Ameriquest Mortgage Co. and AMC Mortgage Services, Inc. (collectively, "Ameriquest"). As a result of this failure, Magistrate Judge Daniel Martin recently issued orders recommending that we dismiss these actions pursuant to Federal Rule of Civil Procedure 41(b) as well as Northern District of Illinois Local Rule 41.1. Plaintiffs have not filed any objections to Judge Martin's recommendations. For the reasons described below, we accept the recommendations pursuant to Rule 72(b) and hereby dismiss these actions.

**BACKGROUND**

    Before briefly addressing Judge Martin's recommendations, we review the pertinent procedural history of these lawsuits.

1

A.  *Arndt v. Ameriquest Mortgage Co., et al.* **(06 C 2479)**

As detailed in Ameriquest's motion for recommendation, (Indiv. Dkt. No. 41), Plaintiffs Maria Arndt and Forrest Pendergraph have yet to properly respond to discovery requests propounded in December 2011. (*Id.* ¶¶ 1–7, 13.) They refused to cooperate with Ameriquest to schedule their depositions or to participate in loan modification or settlement negotiations. (*Id.* ¶¶ 8–13.)

In addition, Arndt and Pendergraph failed to respond to a motion to dismiss for want of prosecution filed before us in early 2014. Although we set a briefing schedule on that motion, Arndt and Pendergraph filed no opposition. (*See* Indiv. Dkt. Nos. 34, 37, 38.)

In light of this history, Ameriquest filed a motion for recommendation before Judge Martin on May 26, 2015 and noticed the motion for hearing on June 4, 2015. (Indiv. Dkt. Nos. 41–43.) Arndt and Pendergraph failed to appear for that hearing or to contact the court. Judge Martin then granted Ameriquest's motion and recommended dismissal of the action pursuant to Local Rule 41.1. (Indiv. Dkt. No. 44.) Judge Martin informed Arndt and Pendergraph that they had 14 days from service of the order to file before us any objection to his recommendation. (*Id.*) He further notified them that any objections not filed within that timeframe would be waived. (*Id.*)

Despite Judge Martin's clear warning, Arndt and Pendergraph have not filed any objection to his June 4, 2015 recommendation of dismissal. In fact, according to the docket, Arndt and Pendergraph have not participated in this litigation, in any meaningful way, in roughly two years. (*See, e.g.*, MDL Dkt. No. 5326 (7/18/13 Min. Order noting that these plaintiffs were attempting to provide initial discovery responses).)

**B.**     *Myers v. Ameriquest Mortgage Co., et al.* **(07 C 3584)**

As detailed in Ameriquest's motion for recommendation, (Indiv. Dkt. No. 35), Plaintiff Gail Myers has not actively participated in this lawsuit in more than a year. According to Ameriquest, Myers failed to respond to discovery served in July 2012, despite a January 25, 2013 order setting a deadline for her response. (*Id.* ¶¶ 2, 14.) Myers, for her part, has not issued any discovery requests. (*Id.* ¶ 2.)

We previously dismissed this case for want of prosecution, on July 31, 2013, in light of Myers' failure to participate in discovery and her failure to oppose dismissal. (MDL Dkt. No. 5336.) Shortly thereafter, Myers moved for reinstatement of her claim based on difficulties she had communicating with prior counsel. On October 8, 2013, we allowed the motion, reinstated the case, and ordered Myers to respond to a pending motion for summary judgment. (MDL Dkt. No. 5364.)

Myers repeatedly requested additional time, which we granted, to respond to Ameriquest's summary judgment motion. (MDL Dkt. Nos. 5390, 5416, 5425, 5452.) Despite the generous extensions, Myers never filed any opposition to the summary judgment motion.

Myers has also failed to respond to Ameriquest's attempts to resolve the action. (*Id.* ¶¶ 10–13.) Ameriquest states that it has twice offered a loan modification to Myers, who neglected to respond in any way. (*Id.* ¶¶ 11–12.) According to Ameriquest, Myers relatedly refused to participate in any settlement negotiations. (*Id.* ¶ 13.)

Ameriquest notified Myers that, having rejected resolution options, the parties had no choice but to proceed on the litigation track. (*Id.* ¶¶ 13–14.) Ameriquest warned her that, if she failed to cooperate with discovery, it would seek dismissal. (*Id.* ¶ 14 & Ex. 3.) Having received

no response, Ameriquest filed a motion for recommendation before Judge Martin on June 18, 2015 and noticed the motion for hearing on June 25, 2015. (Indiv. Dkt. Nos. 35–37.)

Myers failed to appear for that hearing or to contact the court. Judge Martin then granted Ameriquest's motion and recommended dismissal of the action pursuant to Rule 41(b) and Local Rule 41.1. (Indiv. Dkt. No. 38.) Judge Martin informed Myers that she had 14 days from service of the order to file before us any objection to his recommendation. (*Id.*) He further notified her that any objections not filed within that timeframe would be waived. (*Id.*)

Despite Judge Martin's clear warning, Myers has not filed any objection to the June 25, 2015 recommendation of dismissal. According to the docket, Myers has not participated in this litigation, in any meaningful way, since February 2014. (*See, e.g.*, Indiv. Dkt. No. 33 (2/3/14 Ltr. from Myers requesting more time to respond to summary judgment motion).)

### C. *Solnin v. Ameriquest Mortgage Co., et al.* (06 C 4866)

As described in Ameriquest's motion to compel discovery, (Indiv. Dkt. No. 31), Plaintiffs Gilbert ("Gilbert") and Janet ("Janet") Solnin have refused to fully participate in discovery, particularly over the last several months. (*Id.* ¶¶ 2–8.) Plaintiffs have been acting pro se since November 2013 and, since that time, have not cooperated with Ameriquest's efforts to schedule depositions or discuss discovery. (*Id.* ¶¶ 1, 3–8.) Gilbert, furthermore, refuses to provide contact information for Janet, who purportedly is separated from Gilbert but is the only borrower on the loan underlying the lawsuit. (*Id.* ¶¶ 5, 7.)

Ameriquest noticed its motion to compel for hearing on April 16, 2015, but neither Gilbert, nor Janet appeared. (Indiv. Dkt. No. 32.) Judge Martin continued the motion to May 14, 2015. (Indiv. Dkt. No. 33.) He ordered Gilbert and Janet to either find new counsel or file pro se appearance forms, by May 7, 2015. (*Id.*) Judge Martin notified Gilbert and Janet that,

4

if they failed to comply with his order, he "may recommend that this case be dismissed for want of prosecution." (*Id.*)

On May 14, 2015, Gilbert and Janet again neglected to appear for the motion hearing or to contact the court. (Indiv. Dkt. No. 35.) They also failed to file appearances, either for new counsel or as pro se litigants, by the May 7, 2015 deadline. (*Id.*) Judge Martin noted that the case has been inactive since the withdrawal of counsel in November 2013. He then recommended dismissal of the action pursuant to Rule 41(b) and Local Rule 41.1, in light of Gilbert's and Janet's failure to comply with his prior order, as well as their failure to "otherwise demonstrate that they intend to pursue this inactive case." (*Id.*) Judge Martin informed Gilbert and Janet that they had 14 days from service of the order to file before us any objection to his recommendation. (*Id.*) He further notified them that any objections not filed within that timeframe would be waived. (*Id.*)

Despite Judge Martin's clear warning, Gilbert and Janet have not filed any objection to his May 14, 2015 recommendation of dismissal. The record indicates that Gilbert and Janet have deliberately refused to engage in discovery. Their prosecution of this case seems to have ended when their lawyer withdrew in November 2013. They have not filed anything since that time, or taken any apparent steps to resolve or litigate their claims.

## STANDARD OF REVIEW

Rule 72(b) sets forth the procedure for objecting to a magistrate judge's report and recommendation on dispositive matters, such as a motion to dismiss. The rule states that, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). To comply with this rule in the Seventh Circuit, an objecting party must

5

"specify each issue for which review is sought[, but need] not [include] the factual or legal basis of the objection." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 741 (7th Cir. 1999); *Brokaw v. Brokaw*, 128 F. App'x 527, 530–31 (7th Cir. 2005). Typically, a district court reviews a magistrate's report and recommendation for clear error. Fed. R. Civ. P. 72(a); *Saban v. Caremark Rx, L.L.C.*, 780 F. Supp. 2d 700, 704 (N.D. Ill. 2011); *MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 797 (N.D. Ill. 2010). We undertake a *de novo* review, however, of any portions of a report to which a party specifically objected. *Johnson*, 170 F.3d at 741; *Saban*, 780 F. Supp. 2d at 704; *see also* Fed. R. Civ. P. 72(b)(3).

## ANALYSIS

None of the plaintiffs in these three actions filed any objections to Judge Martin's recommendations of dismissal. We therefore review his recommendations for clear error, rather than *de novo*. Specifically, we must assess whether Judge Martin committed clear error in concluding that dismissal under Rule 41 and Local Rule 41.1 is appropriate in the *Arndt*, *Myers*, and *Solnin* actions.

Rule 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Because involuntary dismissal is such a severe sanction, it is appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation omitted); *Kasalo v. Harris & Harris*, 656 F.3d 557, 561 (7th Cir. 2011). "[D]ismissal under Rule 41(b) may also be warranted by a lengthy period of inactivity." *Tome Engenharios E. Transportes v. Malki*, 98 F. App'x 518, 520 (7th Cir. Apr. 5, 2004) (citing cases); *Bolt v. Loy*, 227 F.3d 854, 856

(7th Cir. 2000). The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents.

*Kasalo*, 656 F.3d at 561; *see Tome*, 98 F. App'x. at 520; *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003). The court must also caution a plaintiff facing such dismissal that the case may be closed imminently in favor of the defendant. *Kasalo*, 656 F.3d at 562; *Aura Lamp*, 325 F.3d at 908; *see also Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011) (relatedly concluding that a magistrate judge must instruct a party that it has a set time to object under Rule 72 and that failure to object will result in waiver of the party's right to contest the magistrate judge's conclusions).

Additionally, Local Rule 41.1 provides that cases "inactive for more than six months may be dismissed for want of prosecution." N.D. Ill. L.R. 41.1; *see also Sambrano v. Mabus*, 663 F.3d 879, 880–81 (7th Cir. 2011) (rejecting an argument that Local Rule 41.1 is unconstitutional in light of Supreme Court authority that federal courts may "dismiss dormant suit for failure to prosecute"); *Snyder v. Barry Realty, Inc.*, 96 C 1041, 2002 WL 1822921, at *1 (N.D. Ill. Aug. 8, 2002) (dismissing case for inaction and further finding that no "warning shot" was necessary for dismissal under Local Rule 41.1).

With these principles in mind, we conclude that Judge Martin made no mistake in recommending dismissal of these actions for failure to prosecute under Rule 41 and/or Local Rule 41.1. As stated earlier, Plaintiffs in each case have refused to reasonably participate in discovery. Plaintiffs Arndt, Pendergraph, Gilbert, and Janet have further stonewalled

7

Ameriquest's efforts to depose them. Additionally, despite court-ordered briefing schedules, Plaintiffs have failed to appear in court for, or respond to, pending motions. In each case, Plaintiffs have not filed any briefs or other documents with the court in more than a year. Perhaps most significantly, Plaintiffs declined to file any objection before us challenging Judge Martin's recommendations for dismissal.

Plaintiffs' lack of cooperation precludes any resolution of these three cases, thus prejudicing Ameriquest and wasting judicial resources. These Plaintiffs are pro se and have no lawyer to blame for their recalcitrance. Although we cannot assess the merits of these claims at this juncture, we also cannot allow Plaintiffs to unreasonably hinder the progress and disposition thereof, whether meritorious or not. Additionally, dismissal at this time would not obstruct the social objectives underlying these claims; those objectives have been satisfied by resolution of many similar claims over the years as part of this MDL. Plaintiffs are responsible for participating in the lawsuits they filed. Their failure to participate indicates that they no longer care to pursue the litigation, especially because Plaintiffs received notice of the potential impending dismissal against them. Based on their conduct to date, we have no reason to believe that any sanction short of dismissal would spur Plaintiffs into action.

Under these circumstances, we agree with Judge Martin that involuntary dismissal is warranted pursuant to Rule 41(b) and Local Rule 41.1. We find no clear error and thus accept his recommendations under Rule 72(b)(3).

## CONCLUSION

For the reasons set forth above, we adopt Judge Martin's recommendations for dismissal of the following inactive cases: (1) *Arndt v. Ameriquest Mortgage Co., et al.* (06 C 2479); (2) *Myers v. Ameriquest Mortgage Co., et al.* (07 C 3584); and (3) *Solnin v. Ameriquest Mortgage Co., et al.* (06 C 4866). These actions are hereby terminated due to failure to prosecute, pursuant to Rule 41(b) and Local Rule 41.1. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: July 16, 2015
Chicago, Illinois